## NARAMORE *v.* MILLER.

Where a party has been arrested for debt on a writ, and has given bail, there should also be an affidavit upon the execution in the hands of the officer, at the time he notifies the bail, so that if the bail desire to surrender the principal, there may be an officer who has competent authority to arrest him, which cannot be done unless the execution have upon it such an affidavit as the law requires.

The defendant having been arrested on a writ on which there was an affidavit, procured bail, and before judgment left the State. An execution issued upon the judgment, on which the plaintiff made an affidavit that he had good reason to believe that the defendant had left the State to avoid the payment of his debts: *Held,* that the affidavit was sufficient, it being all that the nature of the case would permit.

MOTION to set aside an execution. Miller was arrested on the original writ; on the back of which was the affidavit of Naramore, that the defendant in that suit was about to leave the State, &c., being such an affidavit as is required by the Revised Statutes. Miller procured bail, and before judgment was obtained left the State, and has not since returned. Judgment was rendered September term, 1849, and in December following a writ of execution was issued against the body of Miller. On the 8th day of February, 1850, the following affidavit was indorsed on the back of the execution, viz.: "I, Nathaniel Naramore, the within named creditor, upon oath, say that the within named Miller is justly indebted to me in the sum specified in the within execution, and that I have good reason to believe that the said Miller has left the State, to avoid the payment of his debts. Nathaniel Naramore." The officer to whom the execution was

delivered, gave due notice to the bail, and having kept the exe-
cution till the return day thereof, returned the same to the clerk
of this court, March term, 1850, with his doings thereon. The
judgment was founded on a contract made after March 1, 1841,
and was for a sum exceeding $13.33. A writ of *scire facias*
was sued out after the return of the execution, and the suit is
now pending in this Court. It was agreed that if, upon the fore-
going statement, the Court shall be of opinion that the execution
was irregularly or improperly issued or used, it is to be set aside;
otherwise judgment is to be rendered for Naramore for his costs.

*Wheeler & Faulkner,* for the defendant.

The execution against the body of the defendant, was irregu-
larly and unlawfully issued. Rev. Stat. ch. 185, § 8; ch. 193,
§ 9; *Ford's case,* 5 N. H. Rep. 310; *Gilman* v. *Perkins,*
11 Ib. 345; *Cooke* v. *Gibbs,* 3 Mass. 193; *Wellington* v.
*Stearns,* 1 Pick. 500; Howe's Pr. 56; Colby's Pr. 65.

The affidavit of the plaintiff did not state the case required by
the statute, in order to warrant an arrest. It was, therefore,
irregular and unlawful for the clerk to issue such an execution;
or at least it was irregular and unlawful to place such an execu-
tion in the hands of an officer. *Kidder* v. *Farrar,* Cheshire
County, December term, 1849.

If the issue of such an execution was not irregular, the use of
it to charge the bail was so; and this position is supported by
the above-cited authorities. If the execution could be used to
charge the bail, the bail might at any time after notice, and
before final judgment against him on *scire facias,* arrest and
deliver up his principal; and thus the humane provision of the
statute exempting the persons of debtors from arrest, except in
certain specified cases, would be effectually defeated.

*Bennett,* for the plaintiff.

The case finds that the defendant was properly and legally
arrested upon mesne process in favor of the plaintiff, and upon
an affidavit that he was about to leave the State to avoid the
payment of his debts. He procured bail, and immediately left

the State, and has not since returned or been in this jurisdiction. A judgment was obtained, and an execution issued, running against the body of the defendant. The execution thus procured, has been used only for the purpose of charging the bail, and for this purpose it was regularly and properly issued.

If the Court should be of opinion that the statute requires an affidavit upon the back of an execution, in order to make a proper arrest, no such requirement can be necessary, in order that the execution should be properly issued for the purpose of charging the bail. All the requirements of Rev. Stat. ch. 185, have reference to the mode of proceeding, in order to make legal arrests of debtors, and not to the course to be pursued after an arrest upon mesne process has been made, in order to charge the bail. And it is submitted, that the legislature never could have intended to preclude the possibility of charging the bail, where, as in this case, a proper and legal arrest had been made, and bail procured, and where, before a judgment could be obtained, the defendant left the State and went to parts unknown. On the contrary, such a construction would entirely defeat the object which the legislature had in view, in authorizing creditors to hold debtors to bail, that object being not only to compel an appearance, but to obtain security or payment. *Gerrish* v. *Edson*, 1 N. H. Rep. 83.

Rev. Stat. ch. 201, sets forth what is necessary to be done by creditors intending to charge the bail. In this case, those requirements were not only fully complied with, but such an affidavit as the facts would warrant, and the only one which could truly be made, was indorsed upon the execution. Under this state of facts, we contend that the execution was regularly and properly issued for the purpose of charging the bail, and ought not to be set aside. If this is not so, then the holding a debtor to bail, furnishes not the slightest security to the creditor, and the objects of the statutes authorizing arrests in certain cases are entirely defeated; because any debtor may go into another jurisdiction after having procured bail, and remain there until the period has elapsed in which the bail can be notified, and the

Naramore *v.* Miller.

security which the creditor had thus obtained and relied upon is defeated by the act of the debtor himself.

GILCHRIST, C. J. We take it for granted in this case, that the affidavit was upon the execution at the time the officer notified the bail. It should have been so, because if the bail desire to surrender the principal, there should be an officer who has competent authority to arrest him upon the execution, which he could not do unless he had an execution authorizing the arrest, by having upon it such an affidavit as the law requires.

It is argued that the affidavit is insufficient. Ch. 185, § 8, Rev. Stat. provides that an arrest shall not be made unless there be an affidavit stating that the defendant conceals his property, or that there is good reason to believe that he is about to leave the State to avoid the payment of his debts.

Now the defendant was arrested upon such an affidavit, and the case finds, that before judgment he left the State, and has not returned. For that reason, the plaintiff could not make an affidavit upon the execution in the words of the statute. But the statute must have a reasonable construction, and not such a construction as would deprive the plaintiff of the remedy intended for him. The statute did not mean that the plaintiff should not have the right to arrest the defendant, where, having left the State, he remains absent up to the time of instituting proceedings against the bail, and where the plaintiff has made the only affidavit the nature of the case will permit.

The opinion of the Court is, that the execution was not irregularly or improperly issued or used. It was proper for the clerk to issue it, that there might be an affidavit placed upon it, and the subsequent use of it was not improper nor irregular. According to the provision made in the case, there must therefore be

*Judgment for the plaintiff.*